Tre Christopher Roberts
Registered In House Counsel
1201 N Catalina #3163
Redondo Beach, CA 90277
Chrisrobertslawesq@gmail.com

Related DDJ
FILED
CLERK, U.S. DISTRICT COURT
MAR 1 6 2023
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION   BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

CV-23-01978-JWH(SK)

N/S
No CV30
No CV71

TRE CHRISTOPHER ROBERTS, ESQ )   Case No.
                             )
                             )   NOTICE OF MOTION-MOTION TO
         Plaintiff,          )   DEMAND JURY TRIAL AND INJUCTIVE
                             )   RELIEF
   vs.                       )
                             )
                             )   42 U.S.C.§ 1983
                             )
LAPD, LASD, LOS ANGELES CITY COUNTY, )
                             )   4TH AMENDMENT VIOLATION, 14TH
LOS ANGELES COUNTY           )   AMENDMENT VIOLATION, FALSE
                             )   ARREST, FALSE IMPRISONMENT,
         Defendant,          )   FAILURE TO TRAIN, MALICIOUS
                             )   PROSECUTION

04/13/2023

TO: LAPD, LASD, LOS ANGELES CITY COUNTY, LOS ANGELES COUNTY, CLERK OF THE DISTRICT COURT:

**STATEMENT OF FACTS**

On August 29th 2017 The Plaintiff was contacted by Deputy Sol of the Los Angeles Sheriffs Department. The Defendant stopped Plaintiff on the suspicion that Plaintiff Violated a vehicle code (non-point violation). Defendant made face to face contact with Plaintiff and Alleged that Plaintiff failed to stop at a stop sign. After initial contact and a vague explanation of the alleged infraction, Plaintiff was ordered out of his vehicle and was immediately handcuffed and detained, Plaintiff complied to the authoritative demand. While detained, Defendant Recovered a Firearm from a locked Container of Plaintiff's Car. The Defendant asked Plaintiff about the firearm and Plaintiff answered and

- 1 -

Disclosed his Status as a Valid California Licensed Armed Guard/ Messenger. Defendant Acknowledged this information and called Plaintiff's employer Inter-Con Security for verification. Plaintiff's Employer validated Plaintiff's claims as a Roving Armed Messenger / Guard for Southern California Edison. Nonetheless, Defendant told Plaintiff that he was in violation of Penal Code 25850 (A)(1) PC. Taking Judicial Notice of the documents/facts set forth before the court, on 1/24/18 in the case of The people of the State Of California v. Tre Christopher Roberts Case Number SA096530 was dismissed in the furtherance of Justice Pursuant to 1385 PC. On August 2nd 2019, in the Evening LAPD Officers sagbigsal and Cabral conducted a traffic stop of a Dodge Ram Pick-up Truck traveling northbound on soto St near Zonal Ave. in the city of Los Angeles. As a driver of the vehicle the Plaintiff was immediately detained by the traffic stop. The Defendant made face to face contact with Plaintiff. Based on an alleged correctable traffic violation. After being alerted to the alleged vehicle infraction, The Defendant Ordered Plaintiff out of the vehicle. The Plaintiff complied with the authoritative demands. The Defendant handcuffed Plaintiff and further detained, interrogated, searched and Handcuffed him. While detained, and purportedly in connection with a vehicle impound search, Defendant admits to recovering an non concealed firearm. The Defendant asked the Plaintiff about the firearm and the plaintiff offered to show Defendant his firearm credentials. The Defendant denied the existence of Plaintiff's Firearm license, failed to advise Plaintiff of his rights and placed him in the rear of a police unit. Plaintiff was transported to East Los Angeles Police station and subsequently charged with (25850 (A)(1) PC), The people of the State Of California v. Tre Christopher Roberts Case Number BA480272.On December 2, 2020 at approximately 10:00 AM Los Angeles Police Department Officers R. Martinez and J. Braun conducted a routine traffic stop of a Grey Range Rover traveling southbound on Broadway near 92nd st in the city of Los Angeles. The Plaintiff was contacted as the subject of the traffic stop. During initial contact the Defendant authoritatively Ordered Plaintiff out of the vehicle, Plaintiff willingly Complied. The Defendant stated that the reasoning was due to the alleged vehicle code violations. Based on this , the Defendant performed a Terry Frisk of Plaintiff which yielded nothing. After Searching Plaintiff's vehicle without consent freely given and finding nothing questionable, the Defendant Reached in Plaintiff's clothing pocket and removed a set of keys and began to use those keys in attempt to open the locked container. The Defendant acknowledged the recovery of

a firearm and ammunition from a locked Container of the vehicle. The Plaintiff attempted to convey to the Defendant his Security employment status and legal reasoning for having a properly stored firearm. The Plaintiff attempted to show Defendant proof of his Firearm Licensure status with the state of California via The Bureau Of Security and investigative services. Defendant failed to verify the information and placed Plaintiff in the rear of the police unit. Plaintiff was not advised of rights and was subsequently taken to 77th regional headquarters and charged with 25850 (A)(1) PC. The people of the State Of California v. Tre Christopher Roberts Case Number TA153826 **(Please See Exhibit A)**. In August 2022 The Plaintiff who had a clean record plead guilty to a misdemeanor plea (First Offense) based on the prosecution of this illegal arrest.

## Points and Authorities

"A cause of action for false imprisonment based on unlawful arrest is stated where it is alleged that there was an arrest without process, followed by imprisonment and damages. Upon proof of those facts the burden is on the defendants to prove justification for the arrest. (Hughes v. Oreb, 36 Cal. 2d 854, 858 [228 P.2d 550]; Kaufman v. Brown, 93 Cal. App. 2d 508, 511-513 [209 P.2d 156]; Collins v. Jones, 131 Cal. App. 747, 750 [22 P.2d 39]; see [241 Cal. App. 2d 457]1 Cooley on Torts [4th ed. 1932], § 112, pp. 360-361; 22 Am.Jur. 422, 427; cf. People v. Agnew, 16 Cal. 2d 655, 661-664 [107 P.2d 601].)" (Dragna v. White, 45 Cal. 2d 469, 471-472 [289 P.2d 428].) A police officer who makes an arrest without a warrant and without justification may be held civilly liable for false arrest and imprisonment. (Miller v. Glass, 44 Cal. 2d 359, 361 [282 P.2d 501]; Hughes v. Oreb, 36 Cal. 2d 854, 857 [228 P.2d 550].) Defendant knew at the moment of their arrest that they were acting without a warrant; they also knew that as an immediate result thereof the plaintiff would be deprived of their liberty and imprisoned for a short while until released on bail or release on OR. "False imprisonment is the unlawful violation of the personal liberty of another." (Pen. Code, § 236.) [9] Definition of the crime and the tort are the same. (Parrott v. Bank of America, 97 Cal. App. 2d 14, 22 [217 P.2d 89, 35 A.L.R.2d 263]; Stallings v. Foster, 119 Cal. App. 2d 614, 619 [259 P.2d 1006].) The tort requires some restraint of the person and that he be deprived [241 Cal. App. 2D 460] of his liberty or compelled to remain where he does not wish to remain, or go where he does not wish to go (People v. Agnew, 16 Cal. 2d 655, 659-660 [107 P.2d

- 3 -

601]; Vandiveer v. Charters, 110 Cal. App. 347, 355 [294 P. 440]); and that the person be restrained of his liberty without sufficient complaint or authority. (Ware v. Dunn, 80 Cal. App. 2d 936, 943 [183 P.2d 128].) The operative question in this case is "whether the totality of the circumstances justifie[s] a particular sort of search or seizure."Tennessee v. Garner, 471 U.S. 1, 8-9, 105 S.Ct. 1694, 85 L.Ed.2d 1. Supreme Court and Fifth Circuit caselaw makes clear that a Fourth Amendment seizure occurs in one of two ways: either an officer applies physical force or an officer makes a show of authority to which an individual submits. *See* California v. Hodari D., 499 U.S. 621, 625-26, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991); *see also* Brendlin v. California, 551 U.S. 249, 254, 127 S.Ct. 2400, 168 L.Ed.2d 132 (2007); Carroll v. Ellington, 800 F.3d 154, 170 (5th Cir. 2015)The Fourth Amendment prohibits "unreasonable searches and seizures." "[R]easonableness is always the touchstone of Fourth Amendment analysis,"Birchfield v. North Dakota, 579 U.S. ___, ___ 136 S.Ct. 2160, 2186, 195 L.Ed.2d 560 (2016), and reasonableness is generally assessed by carefully weighing "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion."Tennessee v. Garner, 471 U.S. 1, 8, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985). Plaintiffs can, subject to qualified immunity, generally recover damages that are proximately caused by any Fourth Amendment violation. Heck v. Humphrey, 512 U.S. 477, 483, 114 S.Ct. 2364, 129 L.Ed.2d 383. To state a civil rights claim under Section 1983, a plaintiff must allege that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights. West v. Atkins, 487 U.S. 42, 48 (1988); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). An individual "causes" a constitutional deprivation when he or she (1) "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation"; or (2) "set[s] in motion a series of acts by others which the [defendant] knows or reasonably should know would cause others to inflict the constitutional injury."Lacey v. Maricopa Cty., 693 F.3d 896, 915 (9th Cir. 2012) (en banc). In *Monell*, the Supreme Court held that municipalities may only be held liable under §1983 for constitutional violations resulting from official county policy or custom. 436 U.S. at 694. "The custom or policy must be a deliberate

- 4 -

1  choice to follow a course of action . . . made from among various alternatives by the official or officials
2  responsible for establishing final policy with respect to the subject matter in question."Benavidez v.
3  County of San Diego,993 F.3d 1134, 1153 (9th Cir. 2021) (internal quotation marks omitted). The
4  policies can include "written policies, unwritten customs and practices, [and] failure to train municipal
5  employees on avoiding certain obvious constitutional violations."*Id.* Over the Last 4 years Los Angeles
6  City County has repeatedly displayed a custom Detaining the the plaintiff and falsely arresting/accusing
7  him of violating Penal code 25850 (A)(1). Each of the Instances aforementioned were accompanied by
8  searches executed without warrants or freely given consent. All of the accusations are based on minor
9  *traffic offenses without an articulable probable cause or commensurate justification for immediate*
10 detainment and search of person and/or vehicle. To state a civil rights claim under Section 1983, a
11 plaintiff must allege that a defendant, while acting under color of state law, caused a deprivation of the
12 plaintiff's federal rights. West v. Atkins, 487 U.S. 42, 48 (1988);Taylor v. List, 880 F.2d 1040, 1045 (9th
13 Cir. 1989). Causation "must be individualized and focus on the duties and responsibilities of each
14 individual defendant whose acts or omissions are alleged to have caused a constitutional
15 deprivation."Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). An individual "causes" a constitutional
16 deprivation when he or she (1) "does an affirmative act, participates in another's affirmative acts, or
17 omits to perform an act which he is legally required to do that causes the deprivation"; or (2) "set[s] in
18 motion a series of acts by others which the [defendant] knows or reasonably should know would cause
19 others to inflict the constitutional injury. Murphy, 844 F.2d 628, 633 (9th. CA Penal Code 25850 (a) A
20 person is guilty of carrying a loaded firearm when the person carries a loaded firearm on the person or in
21 a vehicle while in any public place or on any public street in an incorporated city or in any public place
22 *or on any public street in a prohibited area of unincorporated territory.* Los Angeles City County Alleged
23 that the plaintiff is in violation of statutory law. However, the plaintiff is licensed through the California
24 Department of Consumer Affairs Bureau of Security and Investigative Services as a Armed Guard
25 Messenger pursuant to Section 7583.5 of the Business and Professions Code and has been license an
26 employed  since February of 2013. The plaintiff's California Firearm Permit number is #345692
27 (Calibers .22 .38 .357 9mm .40 .45) and is valid until 2023 **(Please See Exhibit B)**. The plaintiff is daily
28 on a route and on roads in Los Angeles / Orange county.  As such, CA Penal code 26030 is relevant and

so defined as 26030 (a) Section 25850 does not apply to any of the following who have been issued a certificate pursuant to subdivision (d): (10) Uniformed security guards, regularly employed and compensated in that capacity by persons engaged in any lawful business, and uniformed alarm agents employed by an alarm company operator, while actually engaged in protecting and preserving the property of their employers, or on duty or en route to or from their residences or their places of employment, and security guards and alarm agents en route to or from their residences or employer-required range training. The federal Gun Control Act of 1968 also supports this position. This act provides that "[a]ny person who is licensed as a security guard by a State or political subdivision thereof shall be exempt from the provisions of this chapter." (18 U.S.C. § 922(q)(2)(A)). This exemption applies to the provisions of the Gun Control Act, which includes the prohibition on carrying a loaded firearm in public. The California Supreme Court has held that "[t]he right to be free from arrest without probable cause is one of the most sacred rights of our citizens, and it is the duty of the courts to safeguard and protect it." People v. Superior Court (Kiefer) (1970) 3 Cal.3d 807, 818. Under California Penal Code § 836, "[a] peace officer may make an arrest in obedience to a warrant, or may, without a warrant, arrest a person: (1) [w]hen a public offense has in fact been committed, and he has reasonable cause for believing that the person to be arrested has committed it." Cal. Penal Code § 836. The California Supreme Court has held that "[a]n arrest without a warrant is reasonable only if the arresting officer has reasonable cause to believe that the person arrested has committed a public offense." People v. Souza, 9 Cal. 4Th 224, 230 (1994). Based on both California and Federal law the plaintiff was Falsely Arrested and Subsequently Falsely imprisoned under the suspicion of a crime that was never committed. A false arrest based on willful negligence or utter disregard is both unprofessional and unreasonable. The *totality of these habitual mistakes can only lead the plaintiff to believe he is victim of Malicious* Prosecution. In Each instance the plaintiff informed the municipal officer of his license status but was disregarded and seized. A prerequisite to recovery under the Civil Rights Act, 42 U.S.C. § 1983, is that the plaintiff prove that the defendants deprived him of a right secured by the Constitution and the laws of the United States. Martinez v. California, 444 U.S. 277, 284, 100 S.Ct. 553, 558, 62 L.Ed.2d 481 (1980). In People v. Castillo (2015) 233 Cal.App.4th 886, the court held that "[s]ection 25850, subdivision (c)(6), does not apply to persons who are licensed to carry a firearm pursuant to Article 3

- 6 -

(commencing with Section 26150) of Chapter 1 of Division 5 of Title 4 of Part 6." The Constitution, through the Fourth Amendment, protects people from unreasonable searches and seizures by the government. Even, if the Defendant could articulate a reasonable suspicion in any of the circumstances to justify search and breach of locked containers, the ultimate seizures of the plaintiff were flawed by statutory oversight and thus challenged. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) . Although the plaintiff must provide "more than labels and conclusions," Twombly, 550 U.S. at 555, "[s]pecific facts are not necessary; the [complaint] need only give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests."Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam). The Defendants Failure to Verify or acknowledge the validity of the plaintiff's California Firearm Permit while enforcing the law negated The plaintiff's lawful privilege and ultimately incorrectly deprived him of liberty. "'failure to train amounts to deliberate indifference to the rights of persons with whom subordinates come into contact' and the failure has actually caused the injury of which the plaintiff complains."*Id*. at 1397, *Popham v. City of Talladega*, 908 F.2d 1561, 1564-65 (11th Cir. 1990). Moreover, the defendant was wrongfully arrested in violation of the Fourteenth Amendment of the United States Constitution, which states: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty" By wrongfully Arresting the Defendant and placing him in custody for a law he never broke ithe defendant is in clear violation of the fourteenth amendment with potential grounds to allege an additional violation of the 8th amendment as the nature of the punishment endured by the defendant was unusual considering the alleged law violation was non existent. Los Angeles City County, LASD and LAPD have a Duty under the United States Constitution in addition to the California Constitution to Provide equal protection of the law under the law and this duty was breached.

## Conclusion

Municipal police departments are "public entities" under California law and, hence, can be sued in federal court for alleged civil rights violations. Shaw v. California Dep't of Alcoholic Bev. Control, 788

F.2d 600, 605 (9th Cir.1986). As an Injured party, The plaintiff seeks to recover for damages sustained as a Victim of Civil Rights Violations.

**Plaintiff California Mailing Address:**

**1201 N Catalina #3163**

**Redondo Beach, CA 90277**

Respectfully Submitted,

X_____

Exhibit A

## CONTINUATION SHEET

Los Angeles Police Department

| PAGE NO. | TYPE OF REPORT | | | | BOOKING NO. | DR NO. |
|---|---|---|---|---|---|---|
| 2 | Arrest | | | | 6062734 | 201821518 |
| ITEM NO. | QUAN | ARTICLE | SERIAL NO | BRAND | MODEL NO. | MISC DESCRIPTION (EG. COLOR, SIZE, INSCRIPTIONS, CALIBER, REVOLVER, ETC) | DOLLAR VALUE |

**DEFT:** Roberts, Tre  **DOB:** 06/26/1992
**CHARGE:** 25850(a) PC – Loaded Gun in Public

### Source of Activity

On 12/02/2002 at approximately 1005 hrs, my partner, Officer R. Martinez #37797, and I, Officer J. Braun #39254, were working Southeast Patrol assigned to unit 18X23, in full uniform and driving a clearly marked black and white police vehicle. We were travelling southbound Broadway, approaching 87th St. We were in the #2 Lane and were immediately behind a silver Range Rover (#6JYU329) also travelling southbound. The tri-light at 87th St turned green and the Range Rover passed through the intersection, veered to the right, and proceeded southbound Broadway in the bike lane to the right of traffic stanchions lining Broadway in violation of 21209(a) VC, at a high rate of speed in violation of 22350 VC. The Range Rover, while still in the bike lane, passed 2 vehicles that were in the #2 Lane, in violation of 21755(a) VC. The tri-light at 88th St was red phased for southbound traffic. The Range Rover failed to stop at the red phased tri-light, in violation of 21453(a) VC, then veered back into the proper lanes of traffic, continuing southbound Broadway in the #1 Lane. Believing the Range Rover was possibly stolen or had just been involved in a crime and was fleeing the area, we followed it in order to run the plate and conduct and investigative stop. We caught up to the Range Rover stopped at the red phased tri-light at 92nd St. The light then turned green and the Range Rover immediately activated the right turn signal and began pulling to the right. We then conducted a traffic stop on the Range Rover on Broadway south of 92nd St. Inc: 201202001518

### Investigation

I ordered the driver (identified as DEFT: Tre Roberts), out of the Range Rover. Roberts complied and exited the Range Rover with the keys in his hand. Roberts was detained at the side of the road but was not handcuffed at this time. Officer Martinez conducted a pat down of Roberts based on his driving and our belief the Range Rover had possibly been stolen or involved in a crime. While patting Roberts down, Officer Martinez could detect a strong odor of marijuana from Roberts' left front pants pocket and felt what he believed to be loose marijuana in Roberts' left front pants pocket. My partner and I advised Roberts of the traffic violations. Roberts spontaneously stated he didn't realize he was in a bike lane and did not see that he ran a red light. He then stated, "I don't have anything." I asked if he had any guns in the car and he stated no. I then asked for consent to search Roberts' vehicle. I specifically advised him I was looking for firearms. He freely gave consent. I then advised him I was going to search the car and asked him again if it was okay. He did not revoke his consent.

I began the vehicle search in the front passenger area. I was unable to open the glove compartment. I asked Roberts how to open it and he advised me it was broken. I continued the vehicle search. While searching the rear cargo compartment I located a blue Smith and Wesson gun box. The box had a cable lock attached to it but was not latched. I was able to verify the box was empty. I continued the search and ultimately reached the driver area. While searching the area I discovered an empty handgun magazine resting on the center console. Based on the empty gun box and the magazine I believed there was likely a firearm somewhere in the vehicle and the only place I was unable to search was the glove

Los Angeles Police Department — CONTINUATION SHEET — Exhibit A

| PAGE NO. | TYPE OF REPORT | | | | | BOOKING NO. | DR NO. |
|---|---|---|---|---|---|---|---|
| 3 | Arrest | | | | | 6062734 | 201821518 |

| ITEM NO. | QUAN | ARTICLE | SERIAL NO | BRAND | MODEL NO. | MISC DESCRIPTION (EG. COLOR, SIZE, INSCRIPTIONS, CALIBER, REVOLVER, ETC) | DOLLAR VALUE |
|---|---|---|---|---|---|---|---|

compartment.

I approached Roberts and placed handcuffs on him pending the firearms investigation. When I placed handcuffs on Roberts I advised him that he was not under arrest but that the gun box and magazine made us believe there was a firearm being concealed in the glove compartment. He immediately spontaneously stated he was a licensed security guard and the gun box was for a company firearm that was previously confiscated by LASD. Based on the firearm paraphernalia and the suspected marijuana in Roberts' pocket, we had probable cause that the glove compartment contained a firearm and/or narcotics. Officer Martinez retrieved car keys from Roberts' right front pants pocket and opened the locked glove compartment. Roberts watched Officer Martinez do this and never revoked his consent to search. The glove compartment was not broken but was only locked. Officer Martinez recovered a loaded handgun from the glove compartment. Roberts immediately spontaneously stated he was a licensed security guard and was exempt from 25850 PC. Officer Martinez rendered the gun safe. It appeared to be in good working order.

It should be noted that Roberts was not wearing any security company patches or logos, was not in possession of a Sam Brown or other utility type belt commonly used by security guards, and was not in possession of a guard card.

### Arrest

Roberts was arrested at scene for 25850(a) PC – Loaded Gun in Public. His vehicle was impounded pursuant to 22651(h) VC and is being held at Kelmark Tow. Roberts was transported to Southeast Station where I recovered a green leafy substance resembling marijuana from his left front pants pocket. Due to his spontaneous statements he was not Mirandized.

### Booking

Roberts was booked at 77th Jail on the approval of Sgt. S. Carty #31639, Southeast Watch Commander.

### Injury/Medical Treatment

None

### Photographs, Recordings, Videos, DICV, and Digital Imaging

Our DICV and BWV were activated during this incident.

### Evidence

Officer Martinez recovered a loaded handgun from the glove compartment and an empty magazine from the center console area of the Range Rover. Officer Braun recovered an empty gun box from the cargo compartment of the Range Rover and a green leafy substance resembling marijuana from Roberts' left front pants pocket.



# BUREAU OF SECURITY AND INVESTIGATIVE SERVICES

## LICENSING DETAILS FOR: 345692

**NAME:** ROBERTS, TRE CHRISTOPHER

**LICENSE TYPE:** FIREARM PERMIT

**PRIMARY STATUS:** CURRENT

**QUALIFICATION:** 9 MILLIMETER ❖ 40 ❖ 22 ❖ 38 ❖ 357 MAGNUM ❖ 45

**PREVIOUS NAMES:** ROBERTS, TRE' CHRISTOPHER

### ADDRESS OF RECORD

TORRANCE CA 90503-2942
LOS ANGELES COUNTY



**ISSUANCE DATE**
FEBRUARY 14, 2013

**EXPIRATION DATE**
JULY 31, 2023

**CURRENT DATE / TIME**
MARCH 28, 2022
5:54:12 PM

## LICENSE RELATIONSHIPS

**QUALIFYING FIREARM PERMIT**

**LICENSE/REGISTRATION ROLE:** EXPOSED FIREARM PERMIT

**RELATED PARTY ROLE:** BUSINESS OR PROFESSIONAL LICENSE

**NAME:** ROBERTS, TRE CHRISTOPHER

**LICENSE/REGISTRATION TYPE:** SECURITY GUARD

**LICENSE NUMBER:** 1757869   **PRIMARY STATUS:** CURRENT

**ADDRESS :**
REDONDO BEACH CA 90278-7607
LOS ANGELES COUNTY

CLOSE

🔒 search.dca.ca.gov

NAME, ADDRESS AND TELEPHONE NUMBER OF ATTORNEY(S)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| TRE CHRISTOPHER ROBERTS | CASE NUMBER |
|---|---|
| PLAINTIFF(S), | |
| v. | |
| LOS ANGELES CITY, LOS ANGELES CITY COUNTY, LAPD, LASD | **PROOF OF SERVICE - ACKNOWLEDGMENT OF SERVICE** |
| DEFENDANT(S). | |

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of ORANGE COUNTY_____, State of California, and not a party to the above-entitled cause. On _____, 20_____, I served a true copy of PLAINTIFF'S MOTION TO DEMAND FOR JURY TRIAL (8 PAGES)
by personally delivering it to the person (s) indicated below in the manner as provided in FRCivP 5(b); by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following: (list names and addresses for person(s) served. Attach additional pages if necessary.)

Place of Mailing: LOS ANGELES USPS
Executed on MARCH 14, 20 23 at LOS ANGELES USPS, California

Please check one of these boxes if service is made by mail:

☐ I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.
☐ I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.
☒ I hereby certify under the penalty of perjury that the foregoing is true and correct.

JOHN BASA
*Signature of Person Making Service*

### ACKNOWLEDGEMENT OF SERVICE

I, _____, received a true copy of the within document on _____.

*Signature*                                                        *Party Served*



Tre Christopher Roberts
1201 N Catalina #3163
Redondo Beach, CA 90277

US District Court - Intake Department
eastern Division
3470 12th ST
Riverside, CA 92501



RECEIVED
CLERK, U.S. DISTRICT COURT
MAR 16 2023
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION BY DEPUTY